# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50080 | **DATE** | 9/30/2002 |
| **CASE TITLE** | Crowley vs. Meyers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, Decker's motion to dismiss is granted, and it is ordered that she be dismissed from this action.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | SEP 3 0 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| /SEC | courtroom deputy's initials | 02 SEP 30 PM 2: 35 Date/time received in central Clerk's Office | 9/30/02 date mailed notice  mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Kenneth Paul Crowley, Sr., a pretrial detainee, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Crowley alleges, among other things, that defendant Debra Decker, a registered nurse in the Winnebago County Jail (Jail), as well as the Jail's Health Service Administrator, violated his civil rights by refusing to grant his request for a diabetic meal tray, and by administering to him another inmate's medication. This court has jurisdiction based on 28 U.S.C. § 1331, and venue is proper as the alleged events occurred in this district and division. See 28 U.S.C. § 1391(b). Before the court is Decker's motion to dismiss those claims brought against her pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

When ruling on a motion to dismiss, the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). Allegations of a *pro se* complaint are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Accordingly, *pro se* complaints are liberally construed. See Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 378 (7th Cir. 1988).

It is well-established that, while in the custody of state or local authorities, a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. See City of Revere v. Massachussets Gen. Hosp., 463 U.S. 239, 244 (1983); Payne v. Churchich, 161 F.3d 1030, 1040-41 (7th Cir.1998). These due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. See Higgins v. Correctional Med. Servs. of Ill., Inc., 178 F.3d 508, 511 (7th Cir.1999); Estate of Cole v. Fromm, 94 F.3d 254, 259 n.1 (7th Cir. 1996). Consequently, when considering a pretrial detainee's claim of inadequate medical care, this court turns to the analogous standards of Eighth Amendment jurisprudence. See Higgins, 178 F.3d at 511; Qian v. Kautz, 168 F.3d 949, 955 (7th Cir. 1999).

In order to state a § 1983 claim regarding inadequate medical care, an inmate must allege facts evidencing a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Allegations of mere negligence or inadvertence in the diagnosis or treatment of a medical condition will not suffice. Id. at 105-06. Deliberate indifference requires that the defendants either intended to harm the plaintiff or knew of a risk of harm so significant that an intent to harm could be inferred from a refusal to provide medical care. See Smith-Bey v. Hospital Administrator, 841 F.2d 751, 759 (7th Cir. 1988). However, the court need not "strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint." Coates v. Illinois State Board of Education, 559 F.2d 445, 447 (7th Cir. 1977).

In Crowley's case, he states in his complaint that when he saw the Jail doctor, he advised him of his borderline diabetes and his need to control the condition through diet and exercise. Crowley also stated that he informed the doctor of his congestive heart failure, hypertension, a need to be placed on a heart transplant list, and that he needed to "fight this condition with diet and exercise." Subsequently, Crowley was given a cardiac meal tray. Crowley later requested a diabetic tray to avoid the sweet and sugar based foods on the cardiac tray. Decker denied his request for a diabetic tray, and it is this denial Crowley alleges that violated his civil rights.

Assuming for the purposes of this motion that Decker was the person charged with making the decisions regarding inmate meals, the fact she chose not to grant Crowley a diabetic tray does not exhibit deliberate indifference to Crowley's medical needs. The indifference to medical needs must be substantial, demonstrating a wanton infliction of unnecessary pain. Inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. Estelle, 429 U.S. at 106.

Additionally, Crowley's allegation that Decker administered another inmate's medication to him on one occasion does not meet the level of deliberate indifference. Crowley does not allege that Decker intentionally gave him the wrong medication or did so with knowledge it would cause him harm. See Benson v. Cady, 761 F.2d 335, 340-41 (7th Cir. 1985). The fact that Crowley questioned his medication, was assured by Decker that it was his, and later turned out to be another inmate's, at most amounts to negligence. See Williams v. Cearlock, 993 F. Supp. 1192 (C.D. Ill. 1998); Duckworth v. Franzen, 780 F.2d 645, 654 (7thCir. 1985). An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot be condemned as an Eighth (or Fourteenth) Amendment violation. Del Raine v. Williford, 32 F.3d 1024, 1032 (7th Cir. 1994). In fact, the complaint alleges Decker called the doctor upon learning that Crowley had taken the wrong medication. See Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1987). It is possible for a complaint to fail if facts are alleged that are inconsistent with assertions of deliberate indifference. Thomas v. Farley, 31 F.3d 557, 558-59 (7th Cir. 1994).

For the reasons stated herein, Decker's motion to dismiss is granted, and it is ordered that she be dismissed from this action.

---

[1] The court notes that Crowley's response to the motion to dismiss was filed four days late. Due to Crowley's *pro se* status and appointment of stand-by counsel, the court will not strike his response. The court also takes note that when stand-by counsel was appointed on December 3, 2001, it was ordered that counsel should help Crowley prepare, *but not sign*, pleadings. Crowley's response to the motion to dismiss was indeed signed by Crowley's stand-by counsel.